COPY

1   DEBRA W. YANG
    United States Attorney
2   JACQUELINE CHOOLJIAN
    Assistant United States Attorney
3   Chief, Criminal Division
    MARK AVEIS (Cal. State Bar No. 107881)
4   Assistant United States Attorney
    Terrorism and Organized Crime Section
5        1500 United States Courthouse
         312 North Spring Street
6        Los Angeles, California 90012
         Telephone:  (213) 894-4477
7        Facsimile:  (213) 894-3713
    Attorneys for Plaintiff
8   UNITED STATES OF AMERICA

FILED
CLERK, US DISTRICT COURT
MAY 14 2003
CENTRAL DISTRICT OF CAL.
BY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

9              UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,          )  No. CR 03-308-RSWL
                                       )
12                  Plaintiff,         )  REQUEST FOR CONTINUANCE AND
                                       )  STIPULATION RE CONTINUANCE OF
13             v.                      )  TRIAL DATE AND EXCLUSION OF
                                       )  TIME PURSUANT TO THE SPEEDY
14  STEVE GOYEN,                       )  TRIAL ACT; [PROPOSED] ORDER
                                       )
15                  Defendant.         )  Current trial date: 5/27/03
    _____)  Proposed trial date: 9/16/03
16

17       IT IS HEREBY STIPULATED AND AGREED by and between plaintiff

18  United States of America, by and through its counsel of record,

19  Assistant United States Attorney Mark Aveis, and defendant, by

20  and through his counsel of record, that subject to order of this

21  Court, the trial date be continued to September 16, 2003, at 9:00

22  a.m., or as soon thereafter as the court may order, as follows:

23       1.  Defendant was initially charged in a complaint filed on

24  March 10, 2003.  The complaint also charged two other

25  individuals.  Defendant made his first appearance in this case on

26  March 12, 2003.

27  CC; USPO
    PSA
28

ENTER ON JS-5

MAY 14 2003

U.S. v. Goyen, CR 03-308-RSWL
Stipulation/Order for Excludable Time



1    2.  Defendant was indicted on April 1, 2003.  Trial was

2 first set to commence on May 27, 2003.

3    3.  The indictment charged defendant with 16 counts,

4 including making false statements in connection with the

5 acquisition of firearms, illegal possession of machine guns, and

6 impersonating a federal officer.  In essence, the government has

7 alleged that defendant and others forged documents and exceeded

8 their minimal military authority to acquire access to military

9 illegal weapons and military property for personal use.

10    The government recently produced over 1,700 pages of

11 discovery consisting of U.S. Army investigative files, FBI

12 reports, and documents obtained via grand jury subpoena.

13    The second of three defendants charged in the original

14 complaint, Matthew Anderson, was arrested on May 7 first appeared

15 on the complaint on that date.  Anderson's whereabouts were

16 unknown to the government for a period of time after the

17 complaint was filed and his arrest was made possible only

18 recently due to his absence and then retention of counsel.

19    The government intends to supersede the current indictment

20 to add Anderson as a defendant and to add additional charges

21 against Goyen.  The government must indict Anderson by May 27

22 (Goyen's current trial date).  Hence, Anderson's trial date would

23 likely be initially set for late July 2003 without any request

24 for a continuance.  The government does not believe the

25 disposition of any case against the third defendant charged in

26 the complaint will affect the proposed trial date of September

27

28                                    U.S. v Goyen, CR 03-308-RSWL
                      2         Stipulation/Order for Excludable Time

1   16, 2003.

2       Defendant Goyen's counsel has several trials set during

3   Summer 2003 and, in order to prepare his client's defense, he

4   believes it is in his client's best interest that trial be

5   continued to after the summer.

6       4.   No prior continuances have been requested or granted.

7   Both defendants have been released on bond and no changes are

8   expected as to the terms or conditions of their bonds.

9       5.   Accordingly, it is requested that the current trial date

10  of May 27, 2003 be continued to September 16, 2003 at 9:00 a.m.

11  The continuance is requested so that defendant may, in addition

12  to the reasons stated above, confer with his attorney, review and

13  evaluate discovery provided by the government in this case and

14  review the plea agreement to be offered by the government in this

15  case, and, if no plea agreement is reached, to prepare for trial.

16      6.   Accordingly, the period from May 27, 2003 to September

17  16, 2003, inclusive, shall be deemed an excludable period for the

18  following reasons:

19          a.   The requested continuance is necessary to allow

20  the defense additional time necessary for effective preparation,

21  taking into account the exercise of due diligence.   18 U.S.C.

22  § 3161(h)(8)(B)(iv).

23          b.   The ends of justice served by granting the

24  continuance outweigh the best interest of the public and the

25  defendant in a speedy trial.   18 U.S.C. § 3161(h)(8)(A).

26          c.   The continuance is not based on congestion of the

27

28                                    3

1  Court's calendar, nor on the lack of diligence on the part of the

2  attorney for the government.  18 U.S.C. § 3161(h)(8)(C).

3        d.   A failure to grant the continuance would result in

4  a miscarriage of justice.  18 U.S.C. § 3161(h)(8)(B)(i).

5     7.  Defense counsel has conferred with his client regarding

6  the continuance of the trial date and has advised the

7  defendant of his speedy trial rights.   The defendant concurs in

8  the requested continuance.

9        IT IS SO STIPULATED.

10  DATE: __5/13__ , 2003          Respectfully submitted,

11                                 DEBRA W. YANG
                                   United States Attorney
12
                                   JACQUELINE CHOOLJIAN
13                                 Assistant United States Attorney
                                   Chief, Criminal Division
14

15

16                                 By _____
17                                 MARK AVEIS
                                   Assistant United States Attorney
18
   DATE: _____, 2003
19

20                                 By _____
21                                 PEDRO CASTILLO
                                   Attorney for Steve Goyen
22

23        IT IS SO ORDERED.

24

25
   DATE:_____
26                                 _____
                                   RONALD S.W. LEW
27                                 UNITED STATES DISTRICT JUDGE

28                                          U.S. v Goyen, CR 03-308-RSWL
                                   4       Stipulation/Order for Excludable Time

1  Court's calendar, nor on the lack of diligence on the part of the

2  attorney for the government.  18 U.S.C. § 3161(h)(8)(C).

3          d.   A failure to grant the continuance would result in

4  a miscarriage of justice.  18 U.S.C. § 3161(h)(8)(B)(i).

5      7.  Defense counsel has conferred with his client regarding

6  the continuance of the trial date and has advised the

7  defendant of his speedy trial rights.   The defendant concurs in

8  the requested continuance.

9      IT IS SO STIPULATED.

10  DATE: _____, 2003          Respectfully submitted,

11                                 DEBRA W. YANG
                                   United States Attorney
12
                                   JACQUELINE CHOOLJIAN
13                                 Assistant United States Attorney
                                   Chief, Criminal Division
14

15

16

17  By_____
    MARK AVEIS
18  Assistant United States Attorney

    DATE: May 12, 2003
19

20

21  By_____
    PEDRO CASTILLO
22  Attorney for Steve Goyen

23      IT IS SO ORDERED.

24

25  DATE: 5-14-03                  RONALD S.W. LEW

26                                 _____
                                   RONALD S.W. LEW
27                                 UNITED STATES DISTRICT JUDGE

28                                       U.S. v. Goven, CR 03-308-RSL
                                   4     Stipulation/Order for Excludable Time

1
<u>CERTIFICATE OF SERVICE</u>

2
I, Cissye Tyus, declare:

3
That I am a citizen of the United States and resident or employed

4
in Los Angeles County, California; that my business address is the

5
Office of United States Attorney, United States Courthouse, 312

6
North Spring Street, Los Angeles, California 90012; that I am over

7
the age of eighteen years, and am not a party to the above-entitled

8
action; That I am employed by the United States Attorney for the

9
Central District of California who is a member of the Bar of the

10
United States District Court for the Central District of

11
California, at whose direction I served a copy of:

12
**Request for Continuance and Stipulation Re: Continuance of Trial
Date and Exclusion of Time Pursuant to the Speedy Trial Act;**

13
**[Proposed] Order**

14
Service was:

15
[x] Placed in a closed
    envelope, for collection          [ ] Placed in a sealed
                                           envelope for collection and

16
    and interoffice delivery               mailing via United States Mail,
    addressed as follows:                  addressed as follows:

17

18
[x] By hand delivery                  [ ] By facsimile as follows:
    addressed as follows:

19
[ ] By messenger as follows:          [ ] By federal express as follows:

20
**Courtesy Copies:**

21
Honorable Ronald S.W. Lew
Spring Street/21

22

23
DPFD Pedro Castillo

24
This Certificate is executed on May 13, 2003, at Los Angeles, California.

25
I certify under penalty of perjury that the foregoing is true and correct.

26
Cissye Tyus

27

28